**Not For Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br><br>*Plaintiff*,<br><br>v.<br><br>MAY PING SZETO and THOMAS DEGISE,<br><br>*Defendants*. | Civil Action No. 22-2446<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

*Pro se* Plaintiff Fritz Gerald Toussaint seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 2. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, D.E. 2, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is proceeding *pro se*, the Court construes

the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

I.     **ANALYSIS**

In this matter, Plaintiff alleges that May Ping Szeto violated his right of equal protection and right against unreasonable search and seizure. D.E. 1 (hereinafter, "Compl.") at 5. While Thomas Degise is also listed as a Defendant, the Complaint does not contain any claims against him. Plaintiff also claims that Szeto violated the Americans with Disabilities Act (the "ADA") by refusing "entry of valid evidence of Plaintiff's disability" and quoting fraudulent documents to "deceive the Judge." *Id.* Plaintiff adds that Szeto was provided proof that his due process rights had been violated because he was never given notice of a hearing where he would have had an opportunity to "defend against the false claims." *Id.* Finally, Plaintiff brings a claim for violation of his privileges and immunities. *Id.*

    **A. Section 1983 Claims**

While not explicitly stated, Plaintiff appears to assert Section 1983 claims against Defendants. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*See* 42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S.

386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). For purposes of this screening, the Court assumes that Szeto is a state actor.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV. To state an equal protection claim, a plaintiff must allege facts showing that (1) he was a member of a protected class; (2) he was similarly situated to members of an unprotected class; and (3) he was treated differently than the members of the unprotected class. *Oliveira v. Twp. of Irvington*, 41 F. App'x. 555, 559 (3d Cir. 2005). Plaintiff has not alleged any of these elements much less plausible facts to support them. Thus, Plaintiff fails to allege a violation of his equal protection rights.

The Fourth Amendment protects persons from "unreasonable searches and seizures." U.S. Const. amend. IV. The Complaint contains no allegations that could be construed as the basis of an unreasonable search and seizure claim. Therefore, Plaintiff fails to state a Fourth Amendment claim.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. The Fourteenth Amendment's Due Process Clause has a procedural and substantive component. *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 138-39 (3d Cir. 2000). The Court construes Plaintiff's Complaint as alleging a violation of his procedural due process rights. To state a claim for deprivation of procedural due process, a plaintiff must demonstrate that (1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of "life, liberty, or

property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).  Plaintiff alleges that his due process rights were violated because he was not served notice of a hearing.  Compl. at 5.  However, Plaintiff does not detail the subject of the hearing, or more specifically, which interest he was deprived of because of the hearing at which he was absent.  Without such information, the Court cannot assess whether Plaintiff was deprived of an interest protected by the Fourteenth Amendment.  Accordingly, Plaintiff's due process claim is dismissed.

The Court construes Plaintiff's allegation that he was deprived of his privileges and immunities as a claim under the Privileges and Immunities Clause of Article IV of the Constitution.[1]  Article IV's Privileges and Immunities Clause limits the ability of a state to discriminate against out-of-state residents.  *Maldonado v. Houstoun*, 157 F.3d 179, 190 n.9 (3d Cir. 1998).  The Complaint specifies that Plaintiff is a citizen of California and Szeto is a citizen of New Jersey.  Compl. at 4.  However, Plaintiff does not allege that he was discriminated against by virtue of his California citizenship.  Nor does the Complaint provide any basis that would allow the Court to reasonably infer that Plaintiff was discriminated against because he is not a New Jersey resident.  Accordingly, Plaintiff's privileges and immunities claim fails.

---

[1] The Fourteenth Amendment also contains a Privileges and Immunities clause, which provides that no state "shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."   U.S. Const. amend XIV, § 1.   The Third Circuit has recognized that "the Privileges and Immunities Clause of the Fourteenth Amendment has remained essentially moribund since the Supreme Court's decision in *The Slaughter-House Cases*[.]"  *In re Sacred Heart Hosp. of Norristown*, 133 F.3d 237 (3d Cir. 1998) (internal quotation marks omitted).

B.  **ADA Claim**

Plaintiff also alleges that Szeto violated the ADA by refusing entry of valid evidence of Plaintiff's disability and quoting fraudulent documents before a court. Compl. at 5. While it is unclear which particular ADA violation is alleged, the Court construes the Complaint as alleging a violation of Title II of the ADA, which applies to discrimination by state or local governments. *Evans-Sampson v. United States Dep't of Just.*, Civ. No. 21-1834, 2022 WL 883939, at *2 (3d Cir. Mar. 24, 2022). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To establish a violation of Title II of the ADA, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Heffley v. Steele*, 826 F. App'x 227, 232 (3d Cir. 2020), *cert. denied*, 142 S. Ct. 181 (2021), *reh'g denied*, 142 S. Ct. 633 (2021). Plaintiff alleges that he possesses valid evidence of his disability and attaches to his Complaint a copy of his "Disabled Person Parking Placard." Compl. at 5, 7. He also claims that Szeto refused entry of Plaintiff's valid evidence of a disability. *Id.* at 5. Even if these allegations were sufficient to satisfy the first element, Plaintiff has not sufficiently alleged the other two elements. Accordingly, even construing the Complaint liberally, Plaintiff fails to state a claim under the ADA.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The

5

district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, Plaintiff's claims will be dismissed with prejudice.

## II.   CONCLUSION

**IT IS** on this 13th day of May 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.